**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Sachs,<br><br>        Plaintiff,<br><br>vs.<br><br>Maryna Vorobyova Sachs,<br><br>        Defendant. | No.  CV-21-00930-PHX-SPL<br><br>**ORDER** |

On May 27, 2021, Plaintiff Kenneth Sachs filed a Complaint against Defendant Maryna Vorobyova Sachs, Plaintiff's ex-wife, alleging she "has engaged in illegal activities including money laundering, illicit internet activities, and child prostitution" involving their minor daughter. (Doc. 1 at ¶1). Plaintiff alleges that Defendant "has received thousands of dollars in wire transfers from domestic and foreign individuals and has not accounted for these monies in any of the sworn affidavits that she filed electronically in multiple family court matters." (Doc. 1 at ¶1). The Complaint alleges violations of the Racketeer Influenced and Corruption Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and supplemental state law claims. (Doc. 1 at 13-18). Plaintiff therefore seeks (a) an award of overpaid child support and (b) punitive damages. (Doc. 1 at 18).

Before the Court is Defendant's Motion to Dismiss in which Defendant argues Plaintiff's Complaint fails to state a claim upon which relief can be granted because "[t]his is a family law matter, and the claims at issue have already been addressed in the Arizona Superior Court." (Doc. 9 at 1).

As an initial matter, the Court notes that Defendant's Motion to Dismiss is less than one page in length and contains absolutely no caselaw and very minimal analysis. (Doc. 9). It vaguely argues that Plaintiff's claims are barred by the doctrine of claim preclusion because they have already been argued in Superior Court. (Doc. 9 at 1) ("[T]he claims at issue have already been addressed in the Arizona Superior Court."). But Defendant never uses the phrase "claim preclusion" until her Reply (Doc. 17), nor does the Motion provide any relevant authority regarding why and how claim preclusion applies in this case. Furthermore, the Motion argues "[t]his Court does not make child support awards, nor is the return of the alleged overpayment of child support a remedy provided under Federal or State racketeering statutory schemes cited by Plaintiff." (Doc. 9 at 2). Here, Defendant appears to argue that this Court does not have the authority to alter a child support award. But again, Defendant provides absolutely no legal analysis or authority for any of these propositions.

For the following reasons, and with almost no help from Defendant, the Court will dismiss Plaintiff's Complaint *sua sponte* for lack of subject matter jurisdiction because it constitutes an impermissible collateral attack on the underlying State Court judgment. *Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.").

Plaintiff alleges that the state court's custody determination was erroneous, and therefore seeks $500,000 in "overpaid child support," because Defendant fraudulently portrayed her financial situation in the family court action. (Doc. 1 at 18). *See also* (Doc. 1 at ¶ 43) ("DEFENDANT intended that the false statements made in the affidavits would be relied upon by the family court in determining child support payments."). This action constitutes a collateral attack on the underlying state court's child custody determination based on fraud.

"A collateral attack upon a judgment is an effort to obtain another and independent judgment which will destroy the effect of the former judgment. The rule is laid down in Arizona that, where an action has for its primary purpose the obtaining of independent

relief, and the vacating or setting aside of a judgment is merely incidental thereto, such action is not a direct, but a collateral, attack upon the judgment." *Cox v. Mackenzie*, 70 Ariz. 308, 312, 219 P.2d 1048, 1051 (1950) (internal quotations and citations omitted). Because Plaintiff alleges he should be awarded overpaid child support based on Defendant's fraud in family court, Plaintiff utilizes this separate action to alter the underlying state court child support determination.

Federal Rule of Civil Procedure 60(d) expressly authorizes a court to "entertain an independent action to relieve a party from a judgment, order or proceeding . . . or to set aside a judgment from fraud upon the court." An independent action collaterally attacking a judgment for fraud, however, is *only* permitted when the fraud is extrinsic, rather than intrinsic. *Roberson v. Teel*, 20 Ariz. App. 439, 448–49, 513 P.2d 977, 986–87 (1973); *Dockery v. Cent. Ariz. Light & Power Co.*, 45 Ariz. 434, 450–51, 45 P.2d 656, 662–63 (1935). Where intrinsic fraud is alleged, the party must instead seek relief pursuant to Rule 60(b), which provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on fraud. Arizona Rules of Civil Procedure 60(b) and (c) mirror the Federal Rules.

The type of fraud Plaintiff alleges here is intrinsic, rather than extrinsic, and the Court therefore cannot entertain this collateral attack. "Intrinsic fraud is fraud which pertains to the issues involved in the original action and is most often accomplished through perjury or the submission of forged or altered documents into evidence." *Bailey v. I.R.S.*, 188 F.R.D. 346, 354 (D. Ariz. 1999), *aff'd sub nom. Bailey v. U.S. Internal Revenue Serv.*, 232 F.3d 893 (9th Cir. 2000). "[F]raud is intrinsic and not a valid ground for setting aside a judgment when [a] party has been given notice of the action and has had an opportunity to present his case and to protect himself from any mistake or fraud of his adversary but has unreasonably neglected to do so." *See Mr. G v. Mrs. G*, 320 S.C. 305, 308, 465 S.E.2d 101, 103 (App. 1995), quoting *City of San Francisco v. Cartagena*, 35 Cal. App. 4th 1061 (1995). A claim of intrinsic fraud "goes to the merits of the prior proceeding which the moving party should have guarded against at the time." *Mr. G v. Mrs. G*, 320 S.C. at 308,

465 S.E.2d at 103. "Relief is granted for extrinsic but not intrinsic fraud on the theory that the latter deceptions should be discovered during the litigation itself, and to permit such relief undermines the stability of all judgments." *Bailey*, 188 F.R.D. at 354.

This case is similar to *Hayden v. Pittendrigh*, 1 CA-CV 11-0424, 2012 WL 1469042, at *3 (App. Apr. 26, 2012). There, a husband and wife entered into a property settlement agreement dividing their marital assets in family court. *Id.* at *1. The husband fraudulent concealed funds that he received from the sale of a property. *Id.* The wife filed a second action to set aside the judgment in the divorce action. *Id.* The Arizona Court of Appeals found that the fraud alleged by the wife was intrinsic because the wife was "fully aware" that the property "was an asset subject to valuation and distribution during the family court action." *Id.* at *4. Thus, "[t]he alleged fraud of which Wife now complains could have been fully litigated in the family court action, but she chose not to do so." *Id.* The court ultimately held that, "[b]ecause the alleged fraud she complains of is intrinsic, she is barred from collaterally attacking the family court's judgment in this separate action." *Id*; *see also Gavrilis v. Gavrilis*, 116 P.3d 1272 (Colo. App. 2005) (dismissing action where, after divorce was final, wife discovered information that led her to believe husband had misrepresented the value of marital assets—and, rather than filing a Rule 60 motion to re-open the judgment in the dissolution action, filed a separate action for damages—because "these matters could have been discovered with reasonable diligence and litigated within the dissolution proceeding or the applicable six-month period thereafter for seeking relief from judgment").

Here, Plaintiff was clearly aware of Defendant's alleged criminal behavior during the litigation of the child custody and child support dispute—in fact, the Superior Court considered the same factual allegations to determine whether, and to what extent, they affected the custody and support determinations. *See* (Doc. 17 at 10) (summarizing Plaintiff's allegations of criminal conduct by Defendant to include "marriage fraud and Medicare fraud"; "human sex trafficking, wire fraud, money laundering"; "prostituted [the daughter]"; and "created false stock certificates"). Plaintiff could have and should have,

therefore, discovered if Defendant was fraudulently disclosing her financial situation based on the income she was making from these alleged criminal enterprises. Accordingly, Plaintiff should have filed a Rule 60(b) motion in state court to reopen the judgment on child custody and support, rather than filing a separate collateral action. This Court lacks subject matter jurisdiction over this impermissible collateral attack alleging intrinsic fraud.

Where an action asserts an impermissible collateral attack, the court lacks subject matter jurisdiction to hear the action. *See, e.g.*, *Pac. Gas & Elec. Co. v. F.E.R.C.*, 464 F.3d 861, 863 (9th Cir. 2006) ("We conclude that we lack subject matter jurisdiction to entertain PG & E's petition for review because it is an impermissible collateral attack on a prior FERC order."); *State Farm Mut. Auto. Ins. Co. v. Indus. Pharmacy Mgmt., LLC*, No. CIV. 09-00176ACK-KSC, 2009 WL 2448474, at *8 (D. Haw. Aug. 11, 2009) ("[T]he allegations in the Complaint . . . cannot be construed as a collateral attack on the Final Order. Accordingly, the Court has subject matter jurisdiction over the Complaint and IPM's Motion to Dismiss must be denied."). Furthermore, "when a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006).

Because all of the relief sought in Plaintiff's Complaint stems from Defendant's alleged fraud in representing her financial situation in family court, the entire action must be dismissed for lack of subject matter jurisdiction. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 9) is **denied**.

**IT IS FURTHER OREDERED dismissing** this action **with prejudice** *sua sponte* for lack of subject matter jurisdiction. The Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 28th day of July, 2021.

Honorable Steven P. Logan
United States District Judge